UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 29 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

MARTIN PETER MAYER,

        Plaintiff,

        v.

HENNIGAN,

        Defendant.

**ORDER**

1:17-CV-01298 EAW

## **BACKGROUND**

*Pro se* plaintiff Martin Peter Mayer ("Plaintiff"), a non-citizen who is currently seeking asylum in the United States, filed this action on December 13, 2017, against Defendant Hennigan ("Defendant"), the United States Immigration and Customs Enforcement ("ICE"), and Immigration Judge John B. Reid. (Dkt. 1). On May 15, 2018, the Court entered a Decision and Order granting Plaintiff permission to proceed *in forma pauperis*, dismissing his claims against ICE and Judge Reid, and directing that his papers be served on Defendant. (Dkt. 8).

On August 30, 2018, the United States Attorney's Office, which represents Defendant in this matter, filed a letter request for a status conference. (Dkt. 11 at 1). The letter request noted that the sole claim remaining in this matter is that Defendant violated Plaintiff's right to due process by interfering with his ability to obtain a transcript of his removal proceedings before Judge Reid. (*Id.*). The letter request further noted that, per records from the Office of the Clerk of the Board of Immigration Appeals, Plaintiff was

provided with such a transcript on December 27, 2017, two weeks after he commenced the instant action. (*Id.*). Defendant's counsel noted that, based on these facts, it might be possible to resolve the issues set forth in the complaint without further litigation. (*Id.* at 2).

The Court entered an Order setting a status conference in this matter for September 10, 2018. (Dkt. 13). A copy of this Order was mailed to Plaintiff at the address on file with the Court. (*Id.*). However, Plaintiff failed to appear at the conference on September 10, 2018. (Dkt. 17). Thereafter, on September 14, 2018, Defendant filed a motion to dismiss the complaint. (Dkt. 15).

On September 20, 2018, the Court entered an Order directing Plaintiff to (1) show cause in writing no later than October 22, 2018, why this matter should not be dismissed pursuant to Local Rule of Civil Procedure 41(b) and (2) file any response to the pending motion to dismiss on or before October 22, 2018. (Dkt. 18). To date, Plaintiff has made no filings in response to this Order, and has in fact taken no action in this matter since April 23, 2018, when he sent the Clerk of Court a letter updating his address. (Dkt. 7).

## DISCUSSION

Pursuant to Western District of New York Local Rule 41(b), where a civil case has been pending for more than six months and is not in compliance with the directions of the presiding Judge, "the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives . . . ." L.R. Civ. P. 41(b). Where the Court issues such an order, the parties are required to "respond to the order by filing sworn affidavits explaining in detail why the

action should not be dismissed," and "[n]o explanations communicated in person, over the telephone, or by letter shall be accepted." *Id.* If no response is received, "the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires." *Id.*

Local Rule of Civil Procedure 41(b) parallels Federal Rule of Civil Procedure 41, which permits the Court to dismiss a matter "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). In determining whether to dismiss a case under such circumstances, the Court is to consider whether: "(1) the plaintiff's failure to [obey the court's order] caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Here, the Court has considered these factors and finds that they all tip in favor of dismissal of the instant case. First, Plaintiff's failure to comply with the Court's Order has indeed significantly delayed this litigation. As noted above, the purpose of the conference at which Plaintiff failed to appear was to explore whether this case could be settled without the need for additional litigation. Plaintiff's non-attendance made it impossible to discuss that possibility, thereby causing the Court and defense counsel to waste time and resources and eliminating the possibility of a swift and mutually acceptable termination.

Second, Plaintiff was given notice of the possibility of dismissal in this Court's September 20, 2018 Order, which stated "Plaintiff is further advised that his failure to respond to the motion to dismiss or this Order may result in the dismissal of his claims without a trial or any additional proceedings[.]" (Dkt. 18 at 3). Plaintiff nonetheless failed to respond to the Court's September 20, 2018 Order or to oppose the pending motion to dismiss.

Third, Defendant is likely to be prejudiced by further delay. Defendant has already been forced to expend time and resources on filing a motion to dismiss due to Plaintiff's failure to appear at the status conference. Moreover, this case is in its early stages, yet Plaintiff has already established a pattern of failing to comply with the Court's instructions and not diligently pursuing his claims. If the Court were to deny the motion to dismiss, Defendant would be forced to continue to try to move this action forward without Plaintiff's participation.

Fourth, this Court's calendar is among the most congested in the nation. The Court has already expended significant time on this matter, at the expense of litigants who are diligently and actively pursuing their cases and complying with relevant court orders. This factor heavily counsels in favor of dismissal, particularly in light of the fact that the record in this case shows that Plaintiff has received a copy of the transcript he claims to have been wrongfully denied, lessening his need for a day in court.

Fifth and finally, the Court finds that lesser sanctions would not be effective in this case. Plaintiff is indigent and unlikely to be able to pay attorney's fees or a fine. Moreover, Plaintiff's failure to file any response whatsoever to the Court's September 20, 2018 Order

confirms that there is no reasonably likelihood he will comply with the Court's instructions in the future.

Based on the foregoing, the Court finds that dismissal of this case under Local Rule 41(b) for failure to comply with court orders is warranted.

## CONCLUSION

For the foregoing reasons, this case is dismissed pursuant to Local Rule of Civil Procedure 41(b) for failure to the comply with court orders. The Clerk of Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: October 29, 2018
Rochester, New York